United States District Court
Southern District of Texas

**ENTERED**
March 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MATTHEW THIERRY, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-3765 |
| | § | |
| U.S. SECRETARY OF HEALTH AND HUMAN | § | |
| SERVICES, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant U.S. Secretary of Health and Human Services' Motion to Dismiss pro se Plaintiff Christopher Matthew Thierry's Complaint for lack of subject matter jurisdiction.[1] ECF 15. Plaintiff did not file a timely response as required by Local Rules of the Southern District of Texas 7.3 and 7.4. The Court recommends that Defendant's Motion to Dismiss be GRANTED.

## I.  Background

According to undisputed facts in the record, Plaintiff underwent oral surgery on June 13, 2024. ECF 13 at 65-66. He was billed $115.00 for an initial consultation and $1,656.90 for the surgery. *Id.* Plaintiff submitted a claim for reimbursement to Medicare. *Id.* at 195-199. The Centers for Medicare and Medicaid Services

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 4.

("CMS") denied his claim on initial review and a contractor upheld that decision on redetermination.   Plaintiff then submitted a request for reconsideration by a Medicare Qualified Independent Contractor (QIC), which the QIC received on November 4, 2024.  *Id*. at 191-94.  On November 11, 2024, the QIC sent Plaintiff a letter informing Plaintiff that any additional information he wished the QIC to review was required to be submitted within 14 days of the date of the letter.  *Id.* at 192.  On December 16, 2024, the QIC sent Plaintiff a letter informing him that they needed additional information to conduct a thorough review and warning him that if the QIC did not receive the information by December 30, 2024 it would make a determination based on the current documentation submitted for review.  *Id*. at 247-48.  Plaintiff received the letter but did not meet the deadline.  *Id.* at 6-7; 109.  On January 1, 2025, the QIC issued a letter notifying Plaintiff of the QIC's unfavorable Medicare Reconsideration Decision.  *Id.* at 120-21.  The letter included instructions for appealing the Decision to an Administrative Law Judge within 60 days of receipt of the letter, which is presumed to be 5 days after the date of the letter.  *Id.*

On May 2, 2025, 122 days after the date of the letter and 127 days after the presumed date of receipt of the letter, Plaintiff submitted a Request for Administrative Law Judge (ALJ) Hearing or Review of Dismissal.  *Id*. at 115-18. The Request states only that he responded to letters as soon as he could.  *Id* at 115. Plaintiff did not ask for leave to submit the request late or show any good cause for

2

missing the deadline. *Id.* On May 8, 2025, the ALJ issued an Order of Dismissal because Plaintiff "did not provide a reason for the untimely filing of the request for hearing, and there is no indication of any limitations that prevented the Appellant from understanding the need to timely file the appeal, or from doing so. As a result, there is insufficient evidence to establish good cause within the meaning of 42 C.F.R. § 405.942(b)(2) and (3) to extend the time period to file the request for hearing." *Id.* at 107. Plaintiff requested review by the Medicare Appeals Council arguing, without evidentiary support, that the response to his request for medical records from the surgeon was delayed and he has a "brain injury" resulting in "cognitive defects." *Id.* at 12-13. On June 25, 2025 the Council issued an Order denying his request for review. *Id.* at 9-11.

Plaintiff filed a Complaint in this Court on August 4, 2025 seeking review of the denial of Medicare benefits pursuant to 42 U.S.C. § 1395ff(b)(1), which incorporates 42 U.S.C. § 405(g) (the Social Security Act provision governing judicial review). ECF 1. Defendant filed the pending Motion to Dismiss on December 12, 2025. ECF 15. Plaintiff did not file a timely response and the Motion is now ripe for determination. It is not appropriate to grant the motion to dismiss solely based on Plaintiff's failure to respond but the Court will rule on the undisputed facts in the record before it. *Watson v. U.S. ex rel. Lerma*, 285 F. App'x 140, 143 (5th Cir. 2008); *Arthurton v. CarMax Auto Fin.*, No. 4:25-CV-02708, 2025 WL

3542156, at *1 (S.D. Tex. Nov. 17, 2025), *report and recommendation adopted*, No. 4:25-CV-02708, 2025 WL 3541693 (S.D. Tex. Dec. 5, 2025).

## II.    Rule 12(b)(1) Standards

When a defendant challenges subject matter jurisdiction, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005). The Court may consider any of the following in resolving a Rule 12(b)(1) motion: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Hopkins v. Wayside Schs.*, No. 23-50600, 2024 WL 3738478, at *4 (5th Cir. Aug. 9, 2024); *Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). When a Defendant files a motion under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed. *Id.*

## III.    Analysis

### A. Plaintiff's case should be dismissed because he failed to exhaust his administrative remedies.

The CMS administers the Medicare Program under the Social Security Act. Under the Act, when a claim is denied by CMS (or its contractors) on initial review,

4

redetermination, and reconsideration, a claimant may request an evidentiary hearing before an ALJ. 42 U.S.C. § 1395ff; 42 C.F.R. §§ 405.920, 405.940, 405.960 & 405.1000. As explained above, the claimant must request an ALJ hearing within 60 days following receipt of the reconsideration decision, unless the ALJ determines good cause exists for a late request. *See, e.g.*, 42 C.F.R. §§ 405.942(b), 405.1002(a)(1), 405.1014(e). Absent evidence to the contrary, the date of the claimant's receipt of the reconsideration decision is presumed to be 5 calendar days after the date on the reconsideration decision. 42 C.F.R. §§ 405.1002(a)(3), 405.1014(c)(1).

If the ALJ renders an unfavorable decision, the claimant may request review by the Medicare Review Council, which may adopt, modify, or reverse the ALJ's decision. 42 C.F.R. §§ 405.1100(a), 405.1108(a)-(b). If the Council renders an unfavorable decision, the claimant may seek judicial review in federal court pursuant to 42 C.F.R. §§ 405.1130, 405(g). "Congress has divested courts of subject-matter jurisdiction on any claim arising under the Medicare statute except as provided in 42 U.S.C. § 405(g), which is the 'sole avenue for judicial review for all 'claim[s] arising under' Medicare." *Baylor All Saints Med. Ctr. v. Kennedy*, 161 F.4th 298, 302 (5th Cir. 2025) (quoting *Heckler v. Ringer*, 466 U.S. 602, 615 (1984)); *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 653 (5th Cir. 2012) ("Judicial review of [a

[Medicare claim] is available only after a party first presents the claim to the Secretary and receives a final decision.").

In this case, Plaintiff did not make a timely request for hearing before an ALJ. ECF 13 at 107, 115-18.  42 U.S.C. § 405(g) limits judicial review to "any final decision . . . *made after a hearing* to which [the claimant] was a party." *Baylor All Saints Med. Ctr.*, 161 F.4th at (holding that federal courts lack jurisdiction to adjudicate Medicare cases prior to the Secretary making a "final decision ... made after a hearing to which he was a party," citing 42 U.S.C. § 405(g)).  Due to Plaintiff's untimely hearing request, no hearing was held before an ALJ and thus no final decision subject to judicial review, as defined by the Act, has been made. Therefore, Defendant's Motion to Dismiss should be granted and Plaintiff's case should be dismissed.

### B. Plaintiff's case should be dismissed because it does not meet the jurisdictional minimum amount in controversy.

While § 405(g) does not include a jurisdictional minimum for an appeal from a final decision of the Commissioner of Social Security, Congress chose to impose a jurisdictional minimum amount in controversy for judicial review of final decisions in the Medicare Act.  42 U.S.C. §§1395ff(b)(1)(E)(i), (iii).  For requests for judicial review filed on or after January 1, 2025, the jurisdictional minimum

6

amount in controversy is $1,900.[2]  89 Fed. Reg. 79294-03, 2024 WL 4299304 (Sept. 27, 2024).  Plaintiff represents his claim is for $1,771.90 ($1,656.90 for surgery plus $115 for a consultation).[3] ECF 1 at 3; ECF 13 at 195-99.  Because Plaintiff's claim falls below the $1,900 minimum jurisdictional amount, this Court lacks jurisdiction to review the claim.

## IV.   Conclusion and Recommendation

For the reasons discussed above the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 15) be GRANTED and this case be dismissed without prejudice for lack of subject matter jurisdiction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

---

[2] The statutory minimum for 2024 when his claim was initially filed.with CMS was $1,840.  89 Fed. Reg. 79294-03, 2024 WL 4299304 (Sept. 27, 2024).
[3] Defendant contends the amount of his claim is $1,656.90.  ECF 15. The difference is immaterial as both parties' contentions are under the $1,900 minimum.

8

Signed on March 06, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

8